UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-20402-CR-BECERRA

UNITED STATES OF AMERICA,

v.

PAMELA ANDREA SAENZ CHAVEZ,

      Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

      This matter was before the Court following on Order of Reference to conduct a proceeding for acceptance of a guilty plea by the Defendant in the case. The Court having conducted a change of plea hearing on this date, it is recommended that the Defendant's change of plea be accepted for the following reasons:

      1.    The Court convened a hearing to permit the Defendant to enter a change of plea in her case. At the outset of the hearing, Defendant was advised of her right to have these proceedings conducted by the District Judge assigned to the case. Further, the Defendant was advised that this Court was conducting the change of plea hearing on an Order of Reference from the District Court and at the request of the Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to this case. The Court further advised the Defendant that the District Judge assigned to this case would be the sentencing judge and would make all

findings and rulings concerning the Defendant's sentence and would conduct a sentencing hearing at a time set by the District Court.

2.  The Defendant was made aware that she did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted only by a United States District Judge.  The Defendant, the Defendant's attorney and the Assistant United States Attorney assigned to the case all agreed on the record and consented to this Court conducting the change of plea hearing.

3.  The Court conducted a plea colloquy in accordance with Fed. R. Crim. P. 11.

4.  There is no written plea agreement in this case.  Defendant pleaded guilty in open Court to Count 1 of the Information, charging her with knowingly possessing a forged, counterfeited, altered, or falsely made document evidencing authorizing for employment in the United States, in violation of Title 18, United States Code, Section 1546.  The Court reviewed with Defendant the possible minimum and/or maximum penalties she may be sentenced to following her change of plea, including a possible maximum sentence of ten years imprisonment.  The Defendant acknowledged that she understood these possible penalties and consequences.

5.  The government stated on the record a factual basis for the entry of the plea that included all the essential elements of the offense to which the Defendant is pleading guilty and any sentencing enhancements and/or aggravating factors that

may be applicable. Specifically, the Court reviewed with Defendant the parties' agreed-upon factual proffer, filed as Exhibit A to the hearing, to assure that a factual basis existed for the entry of the plea. The Defendant assented to the accuracy of the proffer and Defendant acknowledged her participation in the offense.

6. Based upon all the foregoing and the plea colloquy conducted by this Court, it is recommended that the Defendant be found to have freely and voluntarily entered her guilty plea as more particularly described herein and that the Defendant be adjudicated guilty of the offense charged in the Information.

7. A pre-sentence investigation is being prepared. Sentencing shall be set by separate Order.

ACCORDINGLY, this Court recommends that the Defendant's plea of guilty be accepted, the Defendant be adjudicated guilty as to Count 1 of the Information filed in the case to which she has entered her plea of guilty, and that a sentencing hearing be conducted for final disposition of this matter. The parties shall have **three (3)** business days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jacqueline Becerra, United States District Judge. Failure to file timely objections waives a party's right to review issues related to the Defendant's plea under Fed. R. Crim. P. 11 before the District Judge or the Court of Appeals (even under a plain error standard). *See* Fed. R. Crim. P. 59(b)(1), (2); *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Lewis,* 492 F.3d 1219, 1222 (11th Cir. 2007) (en banc).

**DONE AND SUBMITTED** this 7th day of October, 2025, at Miami, Florida.

    */s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge